### BACIGALUPO v. PARRILLI.

(Supreme Court, Appellate Term. November 24, 1908.)

BILLS AND NOTES (§ 398\*)—CHECKS—NONPAYMENT—NOTICE OF DISHONOR.
　　Under Negotiable Instrument Law (Laws 1897, p. 739, c. 612) § 160, re-quiring notice of dishonor to the drawer of a negotiable paper, a drawer of a check on a bank in which he had sufficient funds is discharged from liability on the failure of the person receiving the check to give notice of its dishonor on the bank refusing to pay because it was short of funds.
　　[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1045; Dec. Dig. § 398.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Bacigalupo against Vito Parrilli. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Campora & Thiery (Aguste M. Thiery, of counsel), for appellant. Albert W. Duckworth, for respondent.

SEABURY, J. This action is upon a check drawn by the defendant and by him delivered to the plaintiff. The check was drawn up-on "Banca P. Caponigri," and was delivered to the plaintiff on January 10, 1908. On Saturday, January 11, 1908, the plaintiff presented the check at the bank of Caponigri, and was told by the cashier of the bank that Caponigri was not in, that "he made a kind of deposit this morning, and we are kind of short of funds." The cashier further told the plaintiff that "you can come here Monday morning; and we will cash the check." To this information, the plaintiff replied "All right," and returned on Monday, January 13th, and demanded the payment of the check, and was informed that Caponigri had no money

and could not pay the check. It is undisputed that at the time the check was given to the plaintiff the defendant had on deposit with Caponigri a sufficient sum to pay the check, and that he did not withdraw this sum. It is also admitted that Caponigri is insolvent. Under the circumstances disclosed, the loss for the amount of the check must fall upon the plaintiff, and not upon the defendant. After the plaintiff presented the check on January 11th, and payment was refused and he was told that the banker was "kind of short of funds," it was his duty to notify the defendant that payment had been refused if he wished to hold the latter upon the check. Upon the nonpayment of the check, the drawer was entitled to notice of that fact, and, in the absence of such notice, was discharged from liability, section 160 of the negotiable instrument law (Laws 1897, p. 739, c. 612) ; 5 Cyc. 539. If the drawer had been promptly notified of the refusal of the banker to pay the check, he might have been able to have taken action to secure the amount deposited with the banker.

The judgment appealed from is reversed, and the complaint dismissed, with costs in this court and the court below. All concur.